```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

ED NICHOLSON, PERSONAL
REPRESENTATIVE and/or ADMINISTRATOR
OF THE ESTATE OF GARY DEWAYNE
NICHOLSON,

       Plaintiff,

v.                                  CIVIL ACTION NO. 2:08-CV-928

HALLIBURTON ENERGY SERVICES,
INC., a Delaware Corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

Before the court is defendant Halliburton Energy Services, Inc.'s ("Halliburton") Motion for Summary Judgment (Doc. No. 94). For the reasons set forth below, defendant's motion is **DENIED**.

## I. Factual and Procedural Background

Plaintiff Ed Nicholson filed the instant action with this court on July 17, 2008, seeking damages for the death of his son, Gary Nicholson, who died on February 8, 2008, when the Halliburton truck he was traveling in as a passenger overturned and struck the guard rail. See Memorandum of Law in Support of Defendant's Motion for Summary Judgment, p. 1. Both Gary Nicholson and Scott Burgess, the truck's driver on the day of the accident, were Halliburton employees. See Plaintiff's Response to Motion for Summary Judgment, p. 1.[1]

---

[1] Gary Nicholson had been a truck driver with Halliburton for approximately ten months prior to the accident, while Scott Burgess had also been a truck driver with Halliburton for

1

Plaintiff alleges that Halliburton acted with deliberate intent in exposing Gary Nicholson to a specific, unsafe working condition by requiring Gary Nicholson to ride with Scott Burgess, despite Burgess's insufficient training and qualification as a driver.  See id. at 1.  Halliburton disputes Plaintiff's characterization, and argues that Burgess had received extensive training prior to the day of the accident.  Further, Halliburton argues that Gary Nicholson had not been directed, but rather volunteered to ride with Scott Burgess.  See Memorandum in Support of Defendant's Motion for Summary Judgment, pp. 2-3, 17.

## II. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party has the burden of establishing that there is no genuine issue as to any material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 265 (1986).  This burden can be met by showing that the nonmoving party has failed to prove an essential element of the nonmoving party's case for which the nonmoving party will bear the burden of proof at trial.  Id. at 322.  If the moving party meets this burden, according to the United Stated Supreme Court, "there can be 'no

---

approximately two months.  See Plaintiff's Response to Motion for Summary Judgment, p. 1.

genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the moving party has met this burden, the burden shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find, by a preponderance of the evidence, that this plaintiff is entitled to the verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 250-251.

### III. Analysis

The court has diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332, and the parties agree that the substantive law of West Virginia applies.

Halliburton contends that Plaintiff has failed to make the required showing to prevail in a deliberate intent case.  See Memorandum in Support of Defendant's Motion for Summary Judgment, p. 5.  Deliberate intent cases are a narrow exception to the general applicability of the Workers' Compensation scheme to employment-related casualties.  Delawder v. Am. Woodmark Corp., 178 Fed. Appx. 197, 200 (4th Cir. 2006).  In order to survive summary judgment, a plaintiff alleging deliberate intent "must

make a prima facie showing of a disputed fact" with regard to each element of the five-prong test.  Id.  Specifically, West Virginia law requires a plaintiff to show:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
> (B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;
> (D) That notwithstanding the existence of the facts set forth in subparagraphs (A)through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and
> (E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one [§ 23-4-1], article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(2005 Repl. Vol.).

Having considered the requirements of the West Virginia deliberate intent statute, the court finds that Plaintiff has made the required "prima facie showing of a disputed fact" as to each of the five elements.  See Delawder, 178 Fed. Appx. at 200. Since there are genuine issues of material fact, the court finds

the case inappropriate for disposition on summary judgment. Specifically, the court finds that the following genuine issues of material fact exist:

1. Whether Scott Burgess was properly road tested in and trained to drive the type of truck that he operated on the day of Gary Nicholson's death;
2. Whether emails exchanged between Halliburton supervisors show that Halliburton had actual knowledge of alleged shortcomings in Burgess' training and driving qualification;
3. Whether Halliburton's failure to road test Scott Burgess on a liquid tanker truck was a violation of federal regulations;
4. Whether Gary Nicholson's decision to ride with Scott Burgess on the day of the accident was truly voluntary, or whether Nicholson believed he had been directed to do so by his supervisor;
5. Whether Burgess' alleged lack of training and qualification in driving a liquid nitrogen truck proximately caused Burgess to travel too fast and thereby cause the truck to overturn.

## IV. Conclusion

Because the court finds that Plaintiff has made a prima facie showing of disputed issues of material fact as to the applicability of the West Virginia deliberate intent statute, the Defendant's motion for summary judgment is **DENIED**.

The Clerk of Court is directed to forward a copy of this Memorandum Opinion and Order to all counsel of record.

**IT IS SO ORDERED** this 21st day of October, 2010.

ENTER:

David A. Faber
Senior United States District Judge